## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM THEODORE BAALS,** | : | **No. 3:23-CV-1853** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **SCI COAL TOWNSHIP PRISON, *et al.*,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff William Theodore Baals initiated the above-captioned action under

42 U.S.C. § 1983[1] by filing a *pro se* complaint.  He alleged that prison officials at

SCI Coal Township violated his Eighth Amendment rights by exhibiting deliberate

indifference to his serious medical needs.  Baals subsequently obtained counsel,

who filed an amended complaint raising similar Section 1983 claims.  The two

medical providers who have been served move to dismiss Baals' amended

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following

reasons, the court will deny Defendants' motion.

## I.    BACKGROUND

At all relevant times to the instant lawsuit, Baals was incarcerated at the

State Correctional Institution in Coal Township, Pennsylvania (SCI Coal

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

Township).  (Doc. 18 ¶¶ 2, 10-61).  Baals has since been released from prison. (See id. ¶ 1).  He recounts that, on November 10, 2021, he was lifting weights in the prison gym and suffered a complete left bicep tendon tear.  (Id. ¶¶ 10-11, 58). He reported this serious injury to gym staff, and then to C.O. Hager, who in turn advised Sergeant Gortner.  (Id. ¶¶ 13, 16-17).  These corrections officers then contacted the prison medical department and reported that Baals was suffering from a medical emergency.  (Id. ¶ 18).

Instead of taking immediate action, the medical staff advised the officers that Baals should fill out a "sick call slip."  (Id. ¶ 19).  Baals complied and was seen the following day by defendant Benjamin Robinson, M.D., and a nurse.  (Id. ¶¶ 3, 20-21).  During the evaluation, Baals was in severe pain and exhibited symptoms indicating that he was suffering from a serious medical issue.  (Id. ¶¶ 24, 26).  Specifically, Baals' bicep muscle was "clearly displaced."  (Id. ¶ 26).  Dr. Robinson advised Baals that he would request an MRI as well as an orthopedic consult.  (Id. ¶ 25).  Despite exhibiting an obvious muscle deformity and medical emergency, Baals was not transported to an outside emergency department or hospital.  (Id. ¶¶ 26-27).

The following day, November 12, Baals awoke with increased pain and bruising in his arm.  (Id. ¶¶ 29-30).  He reported his symptoms to a corrections officer, who advised him to fill out another request for medical care.  (Id. ¶ 31).

2

Baals also relayed his injury and the lack of responsiveness by prison staff to his friends and family during a video visit later that day. (Id. ¶ 32). Baals' friends and family then made "numerous calls" to SCI Coal Township to attempt to get Baals appropriate medical treatment. (Id. ¶¶ 33, 36). They spoke with a female (defendant "Jane Doe"), who it is believed was the head of the medical department at SCI Coal Township at that time, informed her of Baals' injury, and pleaded with her to take appropriate action. (Id. ¶¶ 34-35). Those requests were ignored. (Id. ¶ 36).

On November 13, Baals lost feeling and mobility in his left arm. (Id. ¶ 37). He again requested medical treatment, which request was ignored. (Id. ¶ 38). On November 15, in response to his November 12 request, Baals was seen again in the medical department by Dr. Robinson. (Id. ¶ 39). This time, Dr. Robinson told Baals he would send him to an orthopedic specialist "at some point" but that he would not order an MRI. (Id. ¶¶ 40-41). According to Baals, he later learned that no request for outside orthopedic evaluation was made by Dr. Robinson. (Id. ¶¶ 42-43).

That same day, Baals spoke with defendant Physician Assistant Brian Davis. (Id. ¶ 44). He explained the nature of his serious injury and his concerns that lack of proper treatment could result in permanent damage, and asked P.A.

Davis to send him to the emergency department. (Id. ¶¶ 44-45). P.A. Davis refused this request. (Id. ¶ 45).

On November 17, during a medical visit for an unrelated issue, Baals again pleaded with Dr. Robinson and P.A. Davis for appropriate medical attention for his bicep. (Id. ¶ 47). He informed both medical providers that he could not use his arm. (Id. ¶ 48). Baals was once more told that he would see an orthopedic specialist at some time in the future but was provided no medical treatment. (Id. ¶¶ 49-50).

According to Baals, over the following month he, his friends, and his family made continuous attempts to obtain medical treatment for his bicep injury. (Id. ¶¶ 51, 52). Those attempts were repeatedly rebuffed or ignored. (Id. ¶¶ 51, 53). Finally, on December 18, Baals went to the medical department for an unrelated medical issue and was examined by Dr. Wanda Colston. (Id. ¶¶ 54-55). Dr. Colston was immediately concerned by Baals' obvious bicep injury and arranged for transfer to the emergency department that same day. (Id. ¶¶ 55-66).

Although that same-day transfer was canceled (for reasons unknown to Baals), on December 21 he was finally transferred to Geisinger Danville Hospital where he received an MRI and orthopedic evaluation. (Id. ¶¶ 56-57). Baals was diagnosed with a complete left distal bicep tendon tear with retraction. (Id. ¶ 58). The next day, he was transported to Geisinger Shamokin Hospital for emergency

4

surgery to address the left bicep tear.  (Id. ¶ 59).  Unfortunately, doctors determined that Baals' bicep was significantly retracted, had sustained significant scarring, and was not amenable to repair.  (Id. ¶ 60).  Instead, Baals underwent surgical repair with a donor tendon.  (Id. ¶ 61).  According to Baals, the substantial delay in medical care resulted in significant scarring and disfigurement, unnecessary pain and suffering, a different type of surgical intervention, loss of flexion and strength, loss of function, and permanent loss of full range of motion.  (Id. ¶¶ 79-85).

Baals names four defendants in his amended complaint: Dr. Robinson, P.A. Davis, "Jane Doe" (head of the medical department at SCI Coal Township), and Crystale L. Bowersox.  (Id. ¶¶ 3-6).  Dr. Robinson and P.A. Davis were appropriately served via Federal Rule of Civil Procedure 4(c)(3) by the United States Marshal Service.  (See Docs. 10-12).  To date, however, counsel for Baals has been unable to identify the Jane Doe defendant or to serve Bowersox,[2] although not for lack of trying.  (See Docs. 26, 27).

Defendants Dr. Robinson and P.A. Davis now move to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 22).  That motion is fully briefed and ripe for disposition.

---

[2] Counsel notes that defendants "Jane Doe" and Bowersox may be the same person.  (See Doc. 26 at 2 n.2).

## II.   STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996).  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008).  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.  Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.  See Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations, quotation marks, and footnote omitted).  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—

which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. Id. (quoting Iqbal, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. (quoting Iqbal, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

## III.   DISCUSSION

Defendants assert that Baals has failed to plausibly allege a claim of deliberate indifference to serious medical needs against either Defendant. The court disagrees.

The Eighth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishments on prisoners. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment" to incarcerated individuals. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly allege that "(1) he had a serious medical need, (2) the defendants were deliberately indifferent to that need; and (3) the deliberate indifference caused harm to the plaintiff." Durham v.

7

Kelley, 82 F.4th 217, 229 (3d Cir. 2023) (citation omitted); see also Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, and denial of reasonable requests for treatment resulting in unnecessary suffering or risk of injury. See Durmer v. O'Carroll, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting Lanzaro, 834 F.2d at 346). Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation omitted). Claims sounding in mere medical negligence will not suffice. Rouse, 182 F.3d at 197.

Defendants do not argue that Baals has failed to state a serious medical need, nor could they. Instead, they contend that Baals is over-reliant on legal conclusions and, at most, alleges medical malpractice.

To the contrary, Baals' amended complaint—the allegations of which are thoroughly set forth above—provides detailed facts exhibiting failure to provide *any* medical care (beyond visual evaluation), unreasonable delay in providing medical care, and denial of reasonable requests for treatment resulting in unnecessary suffering and risk of injury. Baals' suffered a torn bicep tendon with retraction, causing immediate physical deformity and significant pain. He made numerous requests to both Dr. Robinson and P.A. Davis to send him to the hospital for treatment, but those pleas were ignored. Furthermore, according to Baals, Dr. Robinson promised Baals that he would send him for an MRI and an orthopedic consultation, but instead did neither.

Baals had to wait <u>over a month</u> until he finally saw a different prison physician, who immediately attempted to transfer Baals to the emergency department due to his obvious and serious bicep injury. During this month-long delay, Baals alleges that he suffered pain and loss of arm function. Moreover, Baals maintains that—during that month-long period—he (and his friends and family) made repeated requests for treatment that were ignored.

In short, Baals' amended complaint plausibly alleges deliberate indifference to serious medical needs by both Dr. Robinson and P.A. Davis.[3] His Section

---

[3] In the event that "Jane Doe" (head of the SCI Coal Township medical department) is identified and served, the court preemptively notes that Baals has plausibly stated an Eighth Amendment medical indifference claim against this Defendant as well.

1983 claims, therefore, may proceed and Defendants' motion to dismiss will be denied.

## IV.   CONCLUSION

Based on the foregoing, the Court will deny Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Baals' well-pleaded amended complaint plausibly alleges Eighth Amendment violations with respect to prison medical care.  An appropriate Order follows.

Date: _____             BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

10